**ATTORNEYS AT LAW**

90 PARK AVENUE
NEW YORK, NY  10016·1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3545
rkramer@foley.com EMAIL

CLIENT/MATTER NUMBER
093966·0114

May 24, 2010

<u>Via ECF</u>

Honorable Sandra L. Townes
U.S. District Judge
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11215

Re:   Greystone Bank v. Tavarez et al., No. 09-cv-5192

Dear Judge Townes:

On behalf of Plaintiff Greystone Bank, I write to request a pre-motion conference concerning Plaintiff's planned motion for summary judgment on its claims.[1]

<u>Plaintiff is Entitled to Summary Judgment on its Claims</u>

This is an action to foreclose a commercial mortgage on a multifamily property.  There are no material facts in dispute, and, thus, Greystone Bank is entitled to summary judgment on its claims for foreclosure and sale of the property, and for a deficiency judgment against the defendant borrowers, Francisco and Elvira Tavarez ("Borrowers").  In a mortgage foreclosure action, "a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default." <u>Village Bank v. Wild Oaks Holding</u>, 601 N.Y.S.2d 940, 941 (2nd Dept 1993); <u>Home Sav. of Am. v. Coconut Island Props.</u>, 226 A.D.2d 1138 (4th Dept 1996) (granting judgment of foreclosure based on a showing that borrower failed to make payments required under the mortgage).

Here, it is undisputed that, by an August 2008 Note,[2] Borrowers promised to pay to Greystone Bank the principal amount of $1,260,000.00.  To secure the Note, Borrowers executed a Mortgage in favor of Greystone Bank on a multifamily property in Corona, New York.

It is also undisputed that, despite their clear payment obligations under the loan documents, Borrowers have failed to make the monthly payments due to Greystone Bank under the Note and Mortgage since April 2009.  Under the terms of the loan documents, failure to make monthly payments constitutes an Event of Default (Mortgage § 22), resulting in acceleration of the loan (Note § 6), and entitling Greystone Bank to foreclose the Mortgage (Mortgage § 44) and collect any deficiency remaining after sale directly from the Borrowers (Note § 9).  Borrowers are also in default because, in violation of the Mortgage (§ 21), they encumbered the property with two subordinate mortgages in the

---

[1] Pursuant to your Honor's individual motion practices, a copy of Plaintiff's Local Rule 56.1 Statement is attached.

[2] The capitalized terms Note and Mortgage have the same meaning as in the Complaint; the Note and Mortgage are attached to the Complaint as Exhibits A and B, respectively.

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI

MILWAUKEE
NEW YORK
ORLANDO
SACRAMENTO

SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SHANGHAI

SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.



**FOLEY & LARDNER LLP**

Honorable Sandra L. Townes
May 24, 2010
Page 2

amounts of $350,000 and $90,000.  These encumbrances constitute "Transfers," which are also Events of Default under the Mortgage.

Nor have Borrowers raised any sufficient defenses, as discussed below.

<u>Plaintiff, as Lender and Secured Party Under the Mortgage, Has Standing to Foreclose</u>

Borrowers assert that Greystone Bank lacks standing, most likely based on the Mortgage's denomination of Mortgage Electronic Registration Systems ("MERS") as the nominal "mortgagee."  As is clear from the face of the Mortgage, however, Greystone Bank is the "Lender" and the secured party under the Mortgage, while MERS is merely Greystone Bank's nominee, in an administrative capacity, for purposes of the county land records.  As the Mortgage states (at p. 1):

> TO SECURE TO GREYSTONE BANK . . . ("Lender") the repayment of the Indebtedness, and all renewals, extensions and modifications of the Indebtedness, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower mortgages, warrants, grants, conveys and assigns to Lender, the Mortgaged Property, including the Land located in Queens County . . . .

In contrast, with respect to MERS, the Mortgage clarifies (at § 56(a)) that "MERS serves as mortgagee of record and secured party solely as nominee, in an administrative capacity, for Lender and its successors and assigns and only holds legal title to the interests granted . . . ."  Accordingly, the recorded loan documents demonstrate that Greystone Bank is the proper party to this action.  Moreover, MERS has now assigned all of its right, title an interest in the loan documents to Greystone Bank.

<u>This Court Has Subject Matter Jurisdiction</u>

Borrowers apparently intend to assert a defense of lack of subject matter jurisdiction based on their contention that, because Greystone Bank's parent company is based in New York, and because Borrowers' mortgage broker communicated with a New York office of a Greystone entity, Greystone Bank is a New York citizen.  As Plaintiff will demonstrate, however, Greystone Bank is a citizen of North Carolina for diversity purposes because its "nerve center" is located there.  Thus, this Court has subject matter jurisdiction.

Greystone Bank is a North Carolina-chartered commercial bank with its main offices in Raleigh, North Carolina.  The Raleigh offices include the offices of Greystone Bank's president, chief executive officer and chief financial officer.  Moreover, all regularly scheduled board meetings are held in Raleigh, North Carolina.  In short, Greystone Bank's executive business decisions are made, and corporate policy is set, in North Carolina.  Although Greystone Bank has in certain instances received information and recommendations concerning loans from entities other than Greystone Bank, which entities are based in New York, loans made by Greystone Bank, including the one at issue here, are ultimately approved in and funded from North Carolina.



FOLEY & LARDNER LLP

Honorable Sandra L. Townes
May 24, 2010
Page 3

Under 28 U.S.C. § 1332, a corporation's citizenship is determined by its place of incorporation and its principal place of business.  As the Supreme Court has recently ruled, a corporation's principal place of business is its "nerve center," i.e., "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 120 S. Ct. 1181, No. 08-1107, slip op. at 14 (2010).  The Hertz decision confirmed the well known "nerve center" standard historically applied by the Second Circuit and other courts:  a corporation's "principal place of business is the nerve center from which it radiates out to its constituent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective." Id. at 11 (citing Scot Typewriter Co. v. Underwood Corp., 170 F. Supp. 862, 865 (S.D.N.Y. 1959)); see also O'Donnell v. Club Mediterranee S.A., No. 05-610, 2008 WL 794975 at *11 (E.D.N.Y. Mar. 21, 2008) (where company conducted business and had employees in several states including New York, but had its main offices and made all executive decisions in Arizona in Florida, company was not a New York citizen under the nerve center test); Arnold v. Perrin, No. 02-6006, 2003 WL 1878421 (S.D.N.Y. Apr. 15, 2003) (holding state where majority of executive officers were located and where business policy was set was corporation's principal place of business); accord Topp v. Compair, Inc., 814 F.2d 830, 835 (1st Cir. 1987).

The fact that Greystone Bank may have employees that are based in a New York is not relevant to the question of subject matter jurisdiction.  Ellis v. Provident Life and Acc. Ins., 929 F. Supp. 751 (S.D.N.Y. 1996) (insurance company's principal place of business was the state where its board meetings, management decisions, and design of insurance polices occurred, not the states where employees in local sales offices issued particular insurance policies).  Nor can Defendants rely on the citizenship of other Greystone companies, such as Greystone & Co.  It is well settled that corporate subsidiaries and affiliates are treated separately for purposes of diversity jurisdiction analysis.  15 Moore's Fed. Pract. § 102.56[7][a] (3d ed. 2009); O'Donnell, supra at 16.  Thus, factors such as the locations of Greystone & Co.'s offices, board of directors, or shareholders have no bearing on the location of the principal place of business of plaintiff Greystone Bank.

Because Greystone Bank is a North Carolina citizen under 28 U.S.C. § 1332, Borrowers' proposed jurisdictional defense is meritless.

For the above reasons, and as will be demonstrated in Greystone Bank's motion, Greystone Bank is entitled to summary judgment.  Greystone Bank respectfully requests that the Court hold a pre-motion conference or, in the alternative, set a briefing schedule for the motion.

Respectfully,

/s/Rachel E. Kramer

cc:     Counsel of record (via ECF)
Attachment