UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
GREYSTONE BANK,

            Plaintiffs,

FRANCISCO TAVAREZ, ELVIRA
BELTREZ-TAVAREZ, GALINDO
& FERERIA CORP., AND JOHN
PANTANELLI,

            Defendants.
-----------------------------------------------X

**ORDER**

No. 09-CV-5192 (SLT)

**TOWNES**, United States District Judge:

**INTRODUCTION**

In this mortgage foreclosure action, defendants Francisco Tavarez and Elvira Beltrez-Tavarez ("Defendants") move to dismiss the action for lack of subject matter jurisdiction. The motion was referred to United States Magistrate Judge Joan M. Azrack. In a Report and Recommendation dated June 10, 2010 ("R&R), Judge Azrack recommended that the motion be denied. On June 28, 2010, Defendants filed objections to the R&R, and the plaintiff responded to the objections in a submission dated July 2, 2010. For the reasons set forth below, the Court adopts the R&R to the extent that it correctly holds that Defendants' motion should be denied. However, the Court modifies the R&R to make clear that the denial should be without prejudice to renewal upon the completion of jurisdictional discovery.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the Court has reviewed *de novo* those portions of the R&R to which Defendant has objected. Those portions of the R&R to which Defendant has not objected were reviewed for clear error. The facts are accurately set

1

forth in the R&R and familiarity with them is assumed.

Defendants' primary objection is that the Court should not make a factual finding as to the plaintiff's citizenship, for purposes of deciding whether subject matter jurisdiction exists, without permitting limited jurisdictional discovery on the issue. At the outset, the Court notes that, because Defendant has answered, a 12(b)(1) motion is technically not the correct procedural vehicle for its challenge to the Court's subject matter jurisdiction. However, Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Accordingly, the Court will construe the motion as a motion pursuant to Rule 12(h)(3). Except for the pre-answer limitation on Rule 12(b)(1) motions, the distinction between a Rule 12(b)(1) motion and a Rule 12(h)(3) motion is largely academic, and the same standards are applicable to both types of motions. *See U.S. ex rel. Smith v. New York Presbyterian Hosp.*, No. 06 Civ. 4056, 2007 WL 2142312, at *4 n.29 (S.D.N.Y. July 18, 2007); *Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 29 (N.D.N.Y. 2005).

"The party asserting subject-matter jurisdiction bears the burden of showing a factual basis for jurisdiction by a preponderance of the evidence." *Astra Oil Trading NV v. PRSI Trading Co. LP*, No. 08 Civ. 10467, 2009 WL 928672, at *2 (S.D.N.Y. Apr. 6, 2009) [hereinafter *Astra Oil*]. There are two distinct types of subject matter jurisdiction challenges, facial and factual. "A facial challenge attacks the sufficiency of the jurisdictional facts alleged, while a factual challenge challenges the facts themselves." *Standard Inv. Chartered, Inc. v. National Ass'n of Securities Dealers*, 621 F. Supp. 2d 55, 65 (S.D.N.Y. 2007) (internal citations and quotation marks omitted).

"'[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (quoting *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir.1999)). "A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *Id.* (internal quotation marks omitted). "After limited discovery on the jurisdictional issue, the matter might be appropriate for resolution on motion supported by affidavits." *Alliance For Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006) (internal citation omitted). The district court can also rely on documentary evidence or conduct an evidentiary hearing to resolve disputed issues of fact relevant to the Court's subject matter jurisdiction. *Astra Oil*, 2009 WL 928672, at *2.

When the record is underdeveloped, the district court may order limited jurisdictional discovery before ruling on the issue of subject matter jurisdiction. *See Sizova v. Nat. Institute of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.") (internal quotation marks omitted); *Astra Oil*, 2009 WL 928672, at *2 ("Here, although we acknowledge that it is plaintiff's burden to prove diversity, we find that the current record regarding plaintiff's principal place of business is simply too underdeveloped, conclusory and contradictory to permit any meaningful finding of fact at this time."); *SEG Vanguard General Corp. v. Ji*, 195 F. Supp. 2d 564 (S.D.N.Y. 2002) (resolving the factual issue raised by a motion to dismiss for lack of subject matter jurisdiction after discovery and a hearing); *Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60 (E.D.N.Y. 1999) (same).

In this case, the Defendants have made a factual challenge to the plaintiff's allegations of subject matter jurisdiction. They assert that the bank's principal place of business is in New York. If true, the Court would not have subject matter jurisdiction over this case because diversity of citizenship would not exist. The Court cannot rule that Plaintiff has conclusively established, by a preponderance of the evidence, that there is subject matter jurisdiction based on the current record. Plaintiff relies on a six paragraph declaration signed by Allison Berman, a Vice President of the bank. However, this affidavit should not be credited without giving the Defendants an opportunity to conduct discovery.

Accordingly, the Court adopts the Report & Recommendation dated June 10, 2010 to the extent that it holds that Defendants' motion should be denied. However, the Report & Recommendation is modified to make the denial without prejudice to renewal. Defendants' motion is denied without prejudice to renewal upon the completion of limited jurisdictional discovery to be conducted under the supervision of Magistrate Judge Azrack.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: August 16, 2010
Brooklyn, New York