UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -
JOHNCO LP and JOANCO LP,

    Plaintiffs,    Case No. 09CV5192(SLT)

 -against-

FRANCISCO TAVAREZ, ELVIRA  JUDGMENT OF FORECLOSURE
BEATREX-TAVAREZ, GALINDO &  AND SALE
FERREIRA CORP. and JOHN
PANTANELLI,

    Defendants.
- - - - - - - - - - - - - - - - -

 IT IS HEREBY ORDERED that the annexed Stipulation of Settlement between plaintiffs and defendant, FRANCISCO TAVAREZ and ELVIRA BELTREZ-TAVAREZ, is deemed "so ordered;" and it is further

 ORDERED, ADJUDGED AND DECREED that Michael F. King, Esq., 256 93rd Street, Brooklyn, New York 111209, (718) 238-2021, is hereby appointed referee for purposes of administering the sale, and the proceeds of the sale, as directed herein; and it is further

 ORDERED, ADJUDGED AND DECREED that the mortgaged premises described in the Complaint in this action and as further described in Schedule A annexed hereto, or such part thereof as may be sufficient to discharge the mortgage debt,

-1-

the expenses of sale and the costs of this action, be sold, in one parcel, at public auction on a date to be mutually agreed upon by the plaintiffs and the Referee, outside the Courthouse for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, under the direction of the Referee with a minimum bid amount of $1,000 and thereafter in bid increments of $1,000; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, with the cooperation and assistance of plaintiffs, give public notice of the time and place of such sale according to law and the practice of this Court by advertising said sale in the Daily Challenge; and it further

ORDERED, ADJUDGED AND DECREED that the Referee shall deposit the balance of the proceeds of sale in his own name in a federally insured bank and shall thereafter make the following payments, and his checks drawn for that purpose shall be paid by said depository:

FIRST. The statutory fees and commissions of said Referee pursuant to CPLR 8003(b) which shall not exceed $500 unless the sale price (the amount of the accepted bid) exceeds $50,000. In the event the sale price exceeds $50,000 and the Referee seeks additional compensation in excess of $500 pursuant to CPLR 8003(b), the Referee shall

-2-

apply to the Court for such compensation within five days of the transfer of the deed and prior to filing the Report of Sale.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR 8003(a), plaintiffs shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiffs. This Order shall constitute the necessary prior authorization for compensation as set forth therein.

No compensation in excess of $750, including compensation authorized pursuant to CPLR 8003(a) for computation of the sum due to plaintiffs, may be accepted by the Referee without Court approval.

SECOND. The Referee shall pay the expenses of sale and the advertising expenses as shown on the bills presented and certified by the Referee to be correct, duplicate copies of which shall be left with said depository. The Referee shall pay or refund to plaintiffs any of the aforementioned sums paid by plaintiffs upon presentation of receipts showing payment thereof.

THIRD. The Referee shall pay, in accordance with their priority according to law, the taxes, assessments, sewer

rents or water charges with are liens on the property at the time of sale with such interest or penalties that may have lawfully accrued thereon to the date of payment. The Referee shall pay or refund to plaintiffs any of the aforementioned sums paid by plaintiffs or plaintiffs' assignor upon presentation of receipts of the proper municipal authorities showing the payment thereof.

FOURTH. The Referee shall pay to plaintiffs or to plaintiffs' attorneys the sum of $1,251,086.82, with interest from September 20, 2010, which sum has been stipulated to as due as of that date, plus interest thereon at the statutory judgment rate from said date through the date of sale, or so much thereof as the purchase money of the property will pay of same, together with any advances that plaintiffs may have made for taxes, insurance, or to maintain the mortgaged premises pending the consummation of this foreclosure sale not previously included in the computation and upon presentation of receipts for said expenditures to the Referee; and it is further

ORDERED, ADJUDGED AND DECREED that if plaintiffs are the purchaser of the mortgaged premises at the sale, the Referee shall not require plaintiffs to pay in cash the entire amount bid at sale, but shall execute and deliver to plaintiffs a deed of the premises sold upon the payment to

-4-

the Referee of the amounts specified above in the items marked "Second," "Third," and "Fourth," that the balance of the amount bid shall be credited to plaintiffs and applied by the Referee to the amounts due to plaintiffs as specified above in the item marked "Fourth," that if after so applying the balance of the amount bid, there is a surplus over and above th amounts due to plaintiffs, plaintiffs shall pay to the Referee, upon delivery of the Referee's deed, the amount of the surplus; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee take the receipts of plaintiffs or of plaintiffs' attorney for the amounts paid as directed in items "Second," "Third" and "Fourth" and file them with his report of sale; that he deposit the surplus monies, if any, with the Clerk of this Court within five days after the same are received to the credit of this action, to be withdrawn only by an Order of this Court; that the Referee make his or her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of the Court within thirty days after completing the sale and executing the proper conveyance to the purchaser; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser at the

sale be let into possession on production or delivery of the foregoing Referee's deed and that within five business days of delivery of such deed, defendants, Francisco Tavarez and Elvira Beatrez-Tavarez, shall turn over to the purchaser all tenant security deposits, if any; and it further

ORDERED, ADJUDGED AND DECREED that the defendants in this action and all persons claiming under defendants, after the filing of the Notice of Pendency of this action, be and are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged premises are to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restriction, easements and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the premises are located and possible violations of same; any rights of tenants or persons in possession of the premises; prior mortgage liens of record, if any, and any advances and arrears thereunder; prior liens of record, if any, except

those liens addressed in Section 1354 of the RPAPL; and it is further

ORDERED, ADJUDGED AND DECREED that mailing a copy of this judgment of Foreclosure and Sale to the attorneys for defendants via overnight mail shall be deemed good and sufficient service of this Judgment of Foreclosure and Sale.

ENTER:

s/ SLT

_____  5/17/12
HON. SANDRA L. TOWNES, U.S.D.J.

-7-

 

**Schedule A Description**

Title Number WI-08-0285Q              Policy Number: 2200-014826              Page   1

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Roosevelt Avenue distant 275.00 feet westerly from the corner formed by the intersection of the westerly side of 108th Street and the southerly side of Roosevelt Avenue;

Running thence southerly at right angles to Roosevelt Avenue and part of the distance through a party wall 100.00 feet;

Thence westerly at right angles 25.00 feet;

Thence northerly again at right angles 100.00 feet to the southerly side of Roosevelt Avenue;

Thence easterly along the southerly side of Roosevelt Aveue 25.00 feet to the point or place of BEGINNING.